# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>     Plaintiffs,<br><br>     v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>     Defendants. | Misc. Case No.:<br>2:23-cv-00447<br><br>Underlying action pending in, and subpoena issued by, the United States District Court for the District of Minnesota, Case No. 22-cv-0098-WMV-JFD |

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM* TO NON-PARTY DENNIS MONTGOMERY, AND INCORPORATED MEMORANDUM OF LAW**
**(Fed. R. Civ. P. 45(g))**

My Pillow, Inc. and Michael J. Lindell ("Defendants"), by and through their attorneys, respectfully move this Court to issue an order compelling non-party Dennis Montgomery to comply with a subpoena *duces tecum* dated April 28, 2023.

## INTRODUCTION

Defendants have been sued in an action pending in the United States District Court for the District of Minnesota.  On April 28, 2023, counsel for Defendants issued a subpoena to Dennis Montgomery commanding him to produce various categories of documents on May 10, 2023 at a location in this District. Counsel for Mr. Montgomery informed Defendants' counsel that Mr. Montgomery would not produce any documents as commanded without a further court order "pursuant to a motion or motions to compel."  Mr. Montgomery failed to produce any documents, served no objections to the subpoena or its document requests, and filed no motion to quash the subpoena.  Defendants now bring this motion to compel his compliance.

## STATEMENT OF FACTS

Defendants are parties to a diversity action pending in the United States District Court for the District of Minnesota (the "Issuing Court"), titled *Smartmatic USA Corp. et al. v. Lindell et al.,* Case No. 22-cv-0098-WMV-JFD (the "Smartmatic Action"). Decl. of Andrew D. Parker ¶ 2 & Ex. 1.  In the Smartmatic

2

Action, plaintiffs are a group of corporate affiliates who claim that, following the 2020 election, Defendants defamed them through statements made by Defendant Lindell allegedly impugning the security and reliability of the plaintiffs' election-technology products. *Id*. Among the disputed issues in the Smartmatic Action is whether Mr. Lindell believed or should have believed due to inherent implausibility those statements to be false when he made them. *Id.* ¶ 2 & Ex. 1 ¶ 189. In part, Mr. Lindell relied on information he received or learned about from Dennis Montgomery, when he made statements at issue. Decl. of Michael Lindell ¶ 2.

On April 28, 2023, Defendants' counsel issued a subpoena commanding Dennis Montgomery to produce documents in the Smartmatic Action on May 10, 2023 (the "Subpoena"). Parker Decl. ¶ 3 & Ex. 2. The address where the Subpoena commanded Mr. Montgomery to make production was in Naples, Florida (the "Place of Compliance"). *Id.*

Defendants' counsel had previously been instructed by Mr. Montgomery's attorney, Patrick McSweeney, that the Subpoena could be served upon Mr. Montgomery by emailing a copy of the Subpoena to Mr. McSweeney. *Id.* ¶ 4. On April 28, 2023, Defendants' counsel caused the Subpoena to be sent by email to Mr. McSweeney. *Id.* ¶ 4 & Ex. 3. There is no dispute regarding proper service in

3

this matter.

On May 15, 2023, Mr. McSweeney informed Defendants' counsel that Mr. Montgomery would not produce the documents requested by the Subpoena unless he was compelled to do so by court order. *Id.* ¶ 5 & Ex. 4. Mr. McSweeney's letter acknowledged that Mr. Montgomery possessed material responsive to the Subpoena. *Id*. Mr. Montgomery did not produce documents on May 10, 2023 as required by the Subpoena. *Id.* ¶ 6.

Mr. Montgomery served no objections to the Subpoena and did not file a motion to quash or a motion for a protective order with the Issuing Court. *Id.* To the knowledge of Defendants' counsel, Mr. Montgomery has not filed any motion regarding the Subpoena with any court. *Id.*

Plaintiffs in the Smartmatic Action have not objected to the Subpoena. *Id.* ¶ 7.

The Place of Compliance for the Subpoena is within this District. *Id.* ¶ 8. The Place of Compliance is within 100 miles of Mr. Montgomery's residence. *Id*.

Defendants also inform the Court that there are additional related subpoenas that Defendants have issued to Mr. Montgomery in this case and in other similar cases involving other plaintiffs. Those subpoenas require compliance in the Middle District of Florida and the Southern District of Florida, and Mr.

Montgomery has likewise refused to comply with those subpoenas. *Id.* ¶ 9. Defendants are also filing motions in the Middle District and Southern District to compel compliance with those related subpoenas. *Id.*

The relevance of the documents requested by the Subpoena from Mr. Montgomery to the claims and defenses in the Smartmatic lawsuit is as follows.

The Supplemental Complaint filed by Plaintiff Smartmatic asserts claims of defamation against the Defendants, based on statements made by defendant Michael Lindell. Parker Decl. Ex. 1 ¶¶ 23, 366-379. The statements placed at issue by these defamation claims concerned the changing of votes in the 2020 presidential election through the hacking or manipulation of electronic voting machines. *Id*. ¶¶ 23, 166, 173.

In making the allegedly defamatory statements, Mr. Lindell relied, in part, upon information he received concerning Dennis Montgomery. Lindell Decl. ¶ 2. In January and February 2021, Mr. Lindell obtained information about Mr. Montgomery through talking to other people with knowledge of Mr. Montgomery and ultimately through communications directly with Mr. Montgomery. *Id*. ¶ 3. Mr. Lindell learned that Mr. Montgomery is a computer programmer whose companies the federal government paid millions of dollars for his technical services, that the federal government has long asserted a "state secrets" privilege

concerning Mr. Montgomery's work, and that Mr. Montgomery had used his technical skills to obtain electronic data showing that the 2020 presidential election had been hacked and vote tallies manipulated. *Id*. ¶ 4. Mr. Montgomery confirmed in direct communications with Mr. Lindell that the information Mr. Lindell had received about Mr. Montgomery and his work was correct. *Id.* ¶ 5.

Relying, in part, on information he received about and from Mr. Montgomery, Mr. Lindell spoke out publicly about the 2020 presidential election. Lindell Decl. ¶ 6. Mr. Lindell also filmed and distributed a series of movies presenting evidence that the 2020 presidential election had been stolen, titled *Absolute Proof*, *Scientific Proof*, *Absolute Interference*, and *Absolutely 9-0*. *Id*. A significant basis, in part, for the statements made in the movies was the information Mr. Lindell had received about and from Mr. Montgomery. *Id.*

The statements made in *Absolute Proof* and its sequels are placed squarely at issue by the Smartmatic Supplemental Complaint. Parker Decl. Ex. 1 ¶¶ 84-109, 206, 308. The Supplemental Complaint alleges that Mr. Lindell should not have believed the information he relied upon and presented in these movies. *Id*. ¶¶ 308-320. Accordingly, Mr. Lindell has a strong interest in obtaining document production from Mr. Montgomery, as squarely relevant information further showing that the facts Mr. Lindell received about Mr. Montgomery, and then

6

publicized, are true, and that the statements Mr. Lindell made in reliance on the information he received about Mr. Montgomery were not inherently implausible.[1]

On August 20, 2022, Mr. Montgomery filed a declaration in the United States District Court for the District of Nevada, in which Mr. Montgomery made numerous statements that confirm he possesses documents concerning the matters about which Defendants seek to obtain documents, through the Subpoena. *See* Parker Decl. ¶ 10 & Ex. 5.

## ARGUMENT

Federal Rule of Civil Procedure 45 provides the procedure for enforcing a subpoena to a non-party witness. *See generally Pennwalt Corp. v. Durand-Wayland, Inc.,* 708 F.2d 492, 494 & 494 n.4 (9th Cir. 1983); *United States ex rel. Am. Builders & Contractors Supply Co. v. Great Am. Ins. Co.,* No. 3:12-mc-36-J-34TEM, 2012 U.S. Dist. LEXIS 196592, at *1 (M.D. Fla. June 26, 2012).

---

[1] My Pillow and Lindell have asserted the defense against Smartmatic's claims that Lindell did not speak with "actual malice" under *New York Times v. Sullivan*, 376 U.S. 254 (1964), and therefore the First Amendment shields him against a defamation claim. Under the *Times v. Sullivan* test, factors relevant to the presence or absence of "actual malice" include whether the defendant believed his statements to be true, and whether the statements were inherently implausible. The Smartmatic Supplemental Complaint alleges Mr. Lindell "knew" his statements were false or "acted with reckless disregard for whether the statements and implications were true." Parker Decl. Ex. 1 ¶ 189.

Rule 45(g) provides that a motion to enforce a subpoena must be brought in "[t]he court for the district where compliance is required." The place where compliance is required is the deposition or production location identified in the subpoena. *See* Fed. R. Civ. P. 45(c) ("Place of Compliance"); *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.,* No. 6:14-cv-203, 2014 U.S. Dist. LEXIS 120376, at *3 (M.D. Fla. Aug. 28, 2014).

A non-party who fails to obey a subpoena is subject to contempt or an order compelling compliance. Fed. R. Civ. P. 45(g) and 2013 advisory comm. note. When a civil subpoena is disobeyed, courts will routinely first issue "an order to comply" in lieu of a formal show-cause contempt order, to give the recalcitrant witness a last chance to avoid contempt proceedings. Fed. R. Civ. P. 45, 2013 advisory comm. note; *see also* Wright & Miller, 9A Fed. Prac. & Proc. § 2465 (3d ed. & Apr. 2023 Supp.); *see, e.g., Fit Tea LLC v. Alani Nutrition LLC*, No. 6:23-mc-1-WWB-LHP, 2023 U.S. Dist. LEXIS 36005, at *7 (M.D. Fla. Mar. 3, 2023); *CITGO Petro. Corp. v. Petro. Logistics Serv. USA, Inc.,* No. 22-mc-20762-ALTMAN/REID, 2023 U.S. Dist. LEXIS 26527, at *12-*17 (S.D. Fla. Jan. 17, 2023). Defendants accordingly are requesting the Court to issue an order that Mr. Montgomery comply with the Subpoena by producing the responsive documents.

There are no contestable issues regarding the subpoena. Mr. Montgomery's

counsel accepted and acknowledged service of the subpoena, effecting a valid service under Rule 45. Parker Decl. ¶¶ 4-5 & Ex. 4; *see, e.g., TracFone Wireless, Inc. v. SCS Supply Chain LLC,* 330 F.R.D. 613, 616 (S.D. Fla. 2019) ("Rule 45 does not require personal service; rather, it requires service reasonably calculated to ensure receipt of the subpoena by the witness."); *accord Saadi v. Pierre A Maroun & Maroun's Int'l, LLC*, No. 8:07-cv-1976-SCB-JSS, 2021 U.S. Dist. LEXIS 258625, at *4 (M.D. Fla. Mar. 22, 2021). Mr. Montgomery's attorney has acknowledged that he possesses documents responsive to the Subpoena. Parker Decl. Ex. 4.

Mr. Montgomery has also waived any objections to the Subpoena or its document requests, as he chose not to serve any objections or file a motion to quash. *Noel-Wagstaffe v. Metro. Cas. Ins. Co.,* No. 17-Civ-61039, 2017 U.S. Dist. LEXIS 201610, at *3 (S.D. Fla. Dec. 7, 2017); *accord Fit Tea LLC v. Alani Nutrition LLC,* No. 6:23-mc-1-WWB-LHP, 2023 WL 2351657, at *3 (M.D.Fla. Mar. 3, 2023); *Stephenson v. Taser Int'l, Inc.,* No. 6:22-mc-41-PGB-LHP, 2023 U.S. Dist. LEXIS 21529, at *7 (M.D. Fla. Feb. 8, 2023).

Instead of objecting to the Subpoena, Mr. McSweeney responded with a statement that, because Mr. Montgomery has performed work for the federal government, the government might try to prevent his deposition. Parker Decl. Ex.

9

4. But according to Mr. McSweeney, the government took no action to quash the deposition after Mr. Montgomery invited it to do so. *Id.*

Mr. Montgomery's attorney has forthrightly stated that Mr. Montgomery will not comply with the Subpoena unless ordered to do so by the Court, but has not interposed any basis under the Federal Rules of Civil Procedure that would excuse him from producing the requested materials. *Id.* The Court should enter an order compelling Mr. Montgomery to produce the materials requested by the Subpoena.

## **PRAYER FOR RELIEF**

For the foregoing reasons, Defendants respectfully request the Court grant their motion and issue an order compelling Mr. Montgomery to produce the materials requested by the Subpoena within two weeks of the order's issuance, and granting any other relief as the Court may deem just and necessary.

Dated:  June 16, 2023               **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (DC Bar No. 63278)*
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

**WALTERS LEVINE & DEGRAVE**
By */s/ Heather A. DeGrave*
Heather A. DeGrave (FBN 756601)
601 Bayshore Blvd., Suite 720
Tampa, FL 33606
Telephone (813) 254-7474
Facsimile: (813) 254-7341
hdegrave@walterslevine.com
jduncan@walterslevine.com

*Counsel for Defendants*

*Application for admission *pro hac vice*
 pending

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the movant has conferred by email and telephone with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

>	*/s/ Andrew D. Parker*
>	Andrew D. Parker
>	Parker Daniels Kibort LLC
>	888 Colwell Building
>	123 N. Third Street
>	Minneapolis, MN 55401
>	Telephone: (612) 355-4100
>	Facsimile: (612) 355-4101
>	parker@parkerdk.com